**FILED**

AUG 2 4 2011

DAVID CREWS, CLERK

BY_____
          Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

BEVERLY MCKEE-BEARD                                          PLAINTIFF

VS.                                        CAUSE NO.: 1:11CV182-AS

FRANKLIN COLLECTION SERVICES, INC.                          DEFENDANT

---

## COMPLAINT

---

### I.

### PRELIMINARY STATEMENT

This action is instituted in accordance with and to remedy Defendant's violations of the

Federal Fair Debt Collection Practices Act, 15 U.S.C. Section 2692 et seq, hereinafter referred to as

"FDCPA", and for violation of the Federal Electronic Fund Transfers Act, hereinafter referred to as

"EFTA", 15 U.S.C. 1693 et.seq., as well as its violations of related State law obligations brought as

pendent claims hereto.

Plaintiff, Beverly McKee-Beard, on or about August 27, 2009, received personal medical

services in Columbus, Mississippi, at the Columbus Orthopedic Clinic, and was billed for those

services by North Mississippi Medical Center. Thereafter, Columbus Orthopedic referred Plaintiff's

account to Defendant, a debt collection agency, which initiated its own collection procedures.

Defendant contacted Plaintiff regarding such debt and after negotiation, Plaintiff agreed to pay to

Defendant the sum of One Thousand Eighty Six and 26/100 Dollars ($1,086.26) in installment

payments of One Hundred Twenty Seven and 34/100 Dollars ($127.34) per month. Plaintiff

specifically refused in such agreement to pay Defendant any fees, including, but not limited to,

1

"processing fees."

On or about September 1, 2010, Plaintiff discovered that Defendant, in addition to drafting the agreed amount as payment on said debt, was in addition thereto drafting from Plaintiff's aforesaid account the sum of $10.00 per draft as a supposedly processing, draft or handling fee. Such proposed fee draft was without lawful authority and violative of the FDCPA, 15 U.S.C. Section 1692f(l). Plaintiff did not agree to payment of the fee and such was not authorized under State or Federal law.  Such fee drafts further violated EFTA, 15 U.S.C. 1693(e).

Defendant sought and received in the collection process  unreasonable, unlawful, and excessive charges and fees due to Defendant's acts as averred to herein in violation of 15 U.S.C. 1692f(l) and EFTA, 15 U.S.C. 1693(e), in addition to the amount allegedly owing.

Defendant's mistreatment of Plaintiff as aforesaid was in fact indiscriminate, occurring in the regular course of its debt collection business whereby it treated Plaintiff in the same general manner as it treats other consumers who are the object of its collection efforts.

Plaintiff, therefore, seeks hereby to recover actual, statutory, treble, and punitive damages, together with reasonable attorney fees and costs.

II.

JURISDICTION

Jurisdiction of this Court pertains pursuant to the FDCPA, 15 U.S.C. Section 1692k(d), 15 U.S.C., Section 1693, et seq., 28 U.S.C. Section 1331, and the doctrine of pendent jurisdiction.

III.

## PARTIES

Plaintiff is a natural person who resides in Lowndes County, Mississippi, and is a "consumer" as defined by 15 U.S.C. Section 1692a(3) and U.S.C. 1693. Defendant, Franklin Collection Services, Inc., is a Mississippi corporation, the principal purpose of whose business is the collection of debts, operating a debt-collection agency from its principal place of business in Mississippi, regularly collects or attempts to collect debts owed or signed or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. Section 1692a(6).

IV.

## FACTUAL ALLEGATIONS

Plaintiff realleges and incorporates herein allegations contained in Paragraph I through III. Plaintiff paid One Hundred Twenty Seven and 34/100 Dollars ($127.34) per month to Defendant pursuant to agreement for payment of medical bill owed to Creditor, Columbus Orthopedic, by draft upon Plaintiff's checking account pursuant to agreement with Defendant. Upon entering such agreement, Plaintiff specifically informed Defendant that she did not agree to pay "processing fees" or other fees to Defendant. Plaintiff in reliance upon Defendant's agreement not to change such processing fee, entered such agreement with Defendant.

On or about September, 2010, Plaintiff discovered that Defendant, in addition to drafting the agreed amount as payment on said debt, was in addition thereto drafting from Plaintiff's aforesaid account the sum of Ten Dollars ($10.00) per draft as a supposedly processing, draft or handling fee. Plaintiff did not authorize or approve such draft fee. Such proposed fee draft was without lawful authority and violative of the FDCPA at Section 15 U.S.C. 1692F (i) and 1693(e) of the "EFTA".

(a)   Defendant knew that its action of charging a service or draft fee, as above averred,

3

on Plaintiff's account, in addition to drafting of agreed amount from said account for payment on the underlying debt, was in violation of the law and yet proceeded to do so despite that knowledge. Despite its actual knowledge that its conduct was in violation of the prohibitions of Federal Law, Defendant charged such fee.

(b)     The foregoing acts and omissions were undertaken on behalf of Defendant by its officers, agents, or employees acting at all times relevant hereto within the scope of that relationship. The foregoing acts and omissions of Defendant were undertaken by it willfully, maliciously, intentionally, normally, and/or in gross or reckless disregard of the rights of Plaintiff.

(c)     Indeed, the forgoing acts and omissions of Defendant were undertaken by it indiscriminately and persistently, as part of its regular and routine debt collection efforts, and without regard to or consideration of the identity or rights of Plaintiff or other persons who have been the object of such collection practices herein.

(d)     As a proximate result of the foregoing acts and omissions of Defendant, Plaintiff has suffered actual damages and injury, including, but not limited to, the cost of her legal defense to the collection suit, extreme mental anguish and suffering, emotional distress, humiliation, and embarrassment, for which he should be compensated in an amount to be proved at trial.

(e)     As a result of the foregoing acts and omissions of Defendant, and in order to punish it for its outrageous and unlawful conduct as well as to deter it from committing similar acts in the future as part of its debt collection efforts, Plaintiff is entitled to recover punitive damages in an amount to be proven at trial.

V.

## CAUSES OF ACTION

### COUNT I

Plaintiff realleges and incorporates herein by reference the allegations of Paragraphs I through IV. The foregoing acts and omissions of Defendant constitute violations of the FDCPA, including, but not limited to, 1692c, 1692d, 1692e, 1692f, 1692g, and 1692i, and 15 U.S.C. 1693(e) of the EFTA.

Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

VI.

### COUNT II

Plaintiff realleges and incorporates herein by referenced the allegations of Paragraphs I through V herein. The foregoing acts and omissions constitute unfair or deceptive and/or unconscionable trade practices made unlawful pursuant to Mississippi Code Section 75-24-1 et seq. (1991 & Supp.1997)

Plaintiff is entitled to recover his actual damages, his actual damages trebled, plus reasonable attorney's fees and costs.

VII.

### COUNT III

*[Fraudulent Deception and Intentional and/or Negligent Infliction of Mental and Emotional Distress]*

Plaintiff realleges and incorporates by reference the allegations contained in Paragraph I through VI. The actions of Defendant as alleged herein were done intentionally and with the intent

5

of Defendant to deceive Plaintiff. Hence, Plaintiff is entitled to recover his actual as well as punitive damages in an amount to be proven at trial. Furthermore, as a proximate cause of Defendant's actions, Plaintiff has suffered from mental and emotional distress.

XIII.

COUNT IV.

Plaintiff realleges and incorporates herein by reference the allegations of Paragraphs I through VII. The foregoing acts and omissions constitute unreasonable debt collection practices in violation of clearly established doctrine pursuant to Federal case law.

Plaintiff is entitled to recover actual damages as well as punitive damages in an amount to be proven at trial.

IX.

JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

Wherefore, Plaintiff pays that this Honorable Court grant the following relief:

1.  Award her punitive damages.

2.  Award her statutory damages.

3.  Award her treble damages.

4.  Award her compensatory damages for mental and emotional distress, humiliation and embarrassment.

5.  Award her reasonable attorney's fees.

6.  Award her his costs.

6

7.    Grant such other and further relief as it deems just and proper.

Respectfully submitted,

W. HOWARD GUNN
ATTORNEY FOR PLAINTIFF


W. HOWARD GUNN
ATTORNEY AT LAW
310 SOUTH HICKORY STREET
POST OFFICE BOX 157
ABERDEEN MS 39730
662-369-8533 (TELEPHONE)
662-369-9844 (FACSIMILE)
whgunn@bellsouth.net

K:\MCKEE BEARD\Complaint.wpd

7